# EXHIBIT A

## 1ST JUDICIAL DISTRICT COURT FOR THE PARISH OF CADDO

### STATE OF LOUISIANA

NO. 619293                        DIVISION "A"

### DENNIS RICE AND KAREN RICE

### VERSUS

### UNITED PROPERTY & CASUALTY INSURANCE COMPANY and SCRIBER & SCRIBER INSURANCE SERVICES, L.L.C.

FILED: _____     _____
                                                      DEPUTY CLERK

### **PETITION FOR DAMAGES**

The petition of **DENNIS RICE** and **KAREN RICE,** (hereinafter sometimes referred to as "the petitioners" or "the Rices") both individuals of the age of majority and domiciled in the Parish of Caddo, State of Louisiana now represent as follows:

1.

Made defendant herein is as follows:

a) **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, a foreign insurance company authorized to do and is doing business within the boundaries of the State of Louisiana and Parish of Caddo;

b) **SCRIBER & SCRIBER INSURANCE SERVICES, L.L.C.** (hereinafter referred to as **"SCRIBER INSURANCE SERVICES"**) a domestic company with its principal place of business being in Ruston, Louisiana with its registered agent for service of process being in Ruston, Louisiana, which is authorized to do and is doing business in the Parish of Caddo, State of Louisiana.

2.

At all times relevant hereto, Petitioners, **DENNIS RICE** and **KAREN RICE**, were the lawful owners of the property located at 3848 Cornell Drive Shreveport, Louisiana 71107. (hereinafter referred to as "the residential property at issue" or "the home")

3.

At all times relevant hereto, defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY (hereinafter "UNITED PROPERTY"),** provided a policy of insurance to petitioner, DENNIS RICE AND KAREN RICE which provided full insurance coverage for the residential property at issue in this matter.

**EXHIBIT A**

4.

On February 2, 2019 a pet dog owned by the petitioners became accidentally locked in a bathroom inside of the home, and caused the bathtub to turn on and cause a water overflow into the premises which led to widespread damages. The accidental water event caused considerable damages to the property, including damages to flooring, drywall systems, cabinetry, baseboards, walls, and otherwise causing further consequential damages and mold growth throughout the home. Prior to this occurrence there was no water leaking into the premises.

5.

As required by the policy of insurance in existence, the water loss was then promptly reported by the petitioners to **UNITED PROPERTY**. Petitioners fully cooperated with **UNITED PROPERTY** in their attempt to have their home repaired, with needed repairs and replacement throughout the home. Satisfactory Proof of Loss was supplied to **UNITED PROPERTY** multiple for the loss on February 2, 2019 and multiple times thereafter. Proof of loss was provided to **UNITED PROPERTY** which illustrated the requirement that the home needed numerous repairs, including mold abatement, content manipulation, with repair and replacement of multiple structural items throughout the home.

6.

### IMPROPER CLAIM OF NEEDED INVESTIGATION TO DELAY AND STALL INSURANCE CLAIM PROCESS

In response, **UNITED PROPERTY** delayed response in this matter over sixty (60) days and wrongfully claimed that it (United Property) was investigating the claim. **UNITED PROPERTY** then eventually demanded to conduct a policy allowed "Examination Under Oath" of the insureds on June 10, 2019 which required the petitioners to sit down in front of a court reporter, with counsel for UNITED PROPERTY, to answer questions as to why petitioners were making an insurance claim for a large water loss event in their home. These examinations were then taken and concluded on July 10, 2019 by **UNITED PROPERTY**.

7.

During these examinations which were unnecessary to this bathtub insurance claim, the petitioners' time was wasted with many irrelevant questions which in no way relate to a water loss

insurance claim. **UPC PROPERTY**, instead of paying the petitioners, forced them to submit to a transcribed examination and wrongfully inquired with the insureds as to why they adopt dogs from Canada ("Why are you adopting a dog from Canada"), how many children they have ("Tell me what your children's names and ages are"), and, whether or not Bob the dog does any tricks. ("Did Bob do any tricks?") None of these topics relate in anyway to the cause and origin of the accidental water loss in the home and were harassing and a waste of time.

8.

The actions of **UNITED PROPERTY** through its claim handlers and representatives in stalling this claim and wrongfully misrepresenting both policy, and non-policy facts and provisions, were in direct violation of Louisiana Revised Statutes 22:1892 and 22:1973. In lieu of helping the petitioners, their insureds, **UNITED PROPERTY** either committed misrepresentations or negligence, and at the very least, acted in an arbitrary fashion or without probable cause in refusing to pay this claim and forcing the insureds to submit to examinations under oath on irrelevant topics.

9.

**UNITED PROPERTY** wrongfully denied this claim and improperly misrepresented both policy and non- policy factual circumstances in violation of Louisiana Supreme Court doctrine in the decision in *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15). UNITED PROPERTY has further failed to offer to settle this case in any degree by their insureds, DENNIS RICE and KAREN RICE.

10.

Thereafter, **UNITED PROPERTY**, for all reasons described herein and otherwise, failed to fulfill its obligations under the policy of insurance, and is therefore liable unto your Petitioner for the following reasons, *to-wit*:

    a. Failing to pay for all damages due under the policy;

    b. Failing to bring in qualified professionals to timely and properly assess all of the damages;

    c. Improperly conveying non-policy requirement information to its insured in an attempt to deny a rightful claim, supported with all requested documents;

    d. Refusing to assist its insured and offer to settle, in violation of the doctrine in *Kelly v. UNITED PROPERTY Fire & Cas. Co.*, 2014-1921 (La. 5/5/15)

 e. Failing to pay proper amounts under the policy;

 f. Failure to timely and properly communicate with its insured;

 g. Breach of Contract;

 h. Negligence;

 i. Intentional or Negligent misrepresentation of non-policy and policy facts and provisions – including misrepresenting the purpose of the examinations under oath by asking irrelevant questions including where dogs were purchased;

 j. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 (formerly 22:1220) and 22:1892 (formerly 22:658). This includes the failure of **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** to engage in good faith settlement discussions in violation of the recent Louisiana Supreme Court case decision in *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15).

11.

As a result of the foregoing acts and/or omissions, **DEFENDANT, UNITED PROPERTY** should adequately compensate Petitioners for all items covered under the policy of insurance, including but not limited to:

 a. Full value of the property damage to the property, contents, and otherwise;

 b. Recoverable Depreciation;

 c. Mental Anguish;

 d. Attorney fees and case costs as allowed by statute;

 e. Arbitrary and capricious penalties, attorney's fees, and general and special damages pursuant to LSA R.S. Arts. 22:1973 (formerly 22:1220) and 22:1892 (formerly 22:658) This includes the failure of UNITED PROPERTY to engage in good faith settlement discussions in violation of the Louisiana Supreme Court case decision in *Kelly v. UNITED PROPERTY Fire & Cas. Co.*, 2014-1921 (La. 5/5/15).

12.

At all times relevant hereto, defendant **SCRIBER INSURANCE SERVICES** was the insurance agent by which petitioners purchased the insurance policy from **UNITED PROPERTY**. Petitioners contacted **SCRIBER INSURANCE SERVICES** and spoke truthfully and conveyed to representatives of **SCRIBER INSURANCE SERVICES** all information so

requested about their property prior to purchasing this policy of insurance.

13.

At no time in the insurance application process did anyone from **SCRIBER INSURANCE SERVICES** advise the petitioners, policyholders, that their ownership of dogs and/or dogs from Canada would be cause any type of issues with **UNITED PROPERTY** in the event of an accidental water loss caused by any dog. Further, at no time in the insurance application process did anyone form **SCRIBER INSURANCE SERVICES** advise that **UNITED PROPERTY** could endlessly prolong full payment on this loss by claiming it needed to investigate the loss at issue, and thereafter require the policyholders to retain legal counsel while sitting for intrusive examinations under oath in which many irrelevant questions were asked about the loss as described *supra* in this petition.

14.

The petitioners relied upon the expertise, skill, and knowledge of insurance agent/broker **SCRIBER INSURANCE SERVICES** in obtaining insurance for the Property at issue and followed all of **SCRIBER INSURANCE SERVICES'** directions in signing all paperwork and were truthful in their statements to **SCRIBER INSURANCE SERVICES**, which controlled the entire insurance application process.

15.

To the extent that the petitioners may have misrepresented any facts in the insurance application or failed to convey facts or ascertain necessary facts to **UNITED PROPERTY**, this was due to **SCRIBER INSURANCE SERVICES'** actions and inactions making **SCRIBER INSURANCE SERVICES** responsible and owing of indemnification for the loss, plus all applicable damage and costs allowed by law.

16.

The petitioners and **SCRIBER INSURANCE SERVICES** verbally agreed to have a contract for the provision of insurance. Petitioners detrimentally relied upon the actions of **SCRIBER INSURANCE SERVICES** due to their skill in the insurance industry in relying upon **SCRIBER INSURANCE SERVICES** to provide them with a policy of insurance which would fully pay for any water losses sustained within the time periods allowed by Louisiana Statutory Laws codified in 22:1892 and 22:1973. Petitioners fulfilled their end of the bargain by paying for insurance and answering any questions posed by **SCRIBER INSURANCE SERVICES**.

However, **SCRIBER INSURANCE SERVICES** failed to fulfill their end of the bargain in failing to provide full coverage.

17.

The failure of **SCRIBER INSURANCE SERVICES** to perform has caused petitioners significant losses with no timely and full compensation from any Louisiana Licensed insurer, even though **SCRIBER INSURANCE SERVICES** advised petitioners that they had full coverage from any type of unexpected water loss emanating from any bathtub.

18.

The reliance upon **SCRIBER INSURANCE SERVICES**'s representation was reasonable because **SCRIBER INSURANCE SERVICES** purported to be a professional in insurance procurement.

19.

**SCRIBER INSURANCE SERVICES** expressed an understanding of the petitioners' need for insurance and represented that it would obtain insurance based on those needs. **SCRIBER INSURANCE SERVICES** explained that it would look out for The Rice's best interests.

20.

There is no question that **SCRIBER INSURANCE SERVICES** undertook to write the applicable **UNITED PROPERTY** policy.

21.

Upon information and belief, **SCRIBER INSURANCE SERVICES** did not use reasonable diligence in attempting to place the insurance policy.

22.

Upon information and belief, **SCRIBER INSURANCE SERVICES** made assumptions and did not ask all of the necessary questions.

23.

**SCRIBER INSURANCE SERVICES** has the necessary expertise, experience, and training to understand the importance of asking the questions on the application as opposed to making assumptions and providing false information or failing to provide necessary information which may have included what type of dogs were in the home.

24.

In the alternative **SCRIBER INSURANCE SERVICES** did not use reasonable diligence in procuring the insurance policy.

25.

**SCRIBER INSURANCE SERVICES** also did not diligently inform the Rices that **SCRIBER INSURANCE SERVICES** had provided an insurance policy which would not pay within thirty or sixty days as required by Louisiana Law on a bathtub water loss claim involving mischievous dogs.

26.

**SCRIBER INSURANCE SERVICES** took actions such as renewals and acceptance of payment to indicate that the petitioners had valid insurance coverage.

27.

If the policy issued by **UNITED PROPERTY** continues to fail to fully pay for the losses, **SCRIBER INSURANCE SERVICES** had a duty to provide valid insurance to the Rices and failed in that duty.

28.

**SCRIBER INSURANCE SERVICES's** conduct failed to conform to that duty.

29.

**SCRIBER INSURANCE SERVICES'** conduct may have caused **UNITED PROPERTY** to disclaim the insurance policy, and/or delay payment by claiming it needed to investigate the loss to determine what type of dogs caused the accidental water loss.

30.

As a result of this sub-standard conduct by **SCRIBER INSURANCE SERVICES** which does not comply with the accepted standards in the insurance agent/producer industry, DENNIS RICE and KAREN RICE have been under-compensated for the damage to the property at issue by the accidental water loss on February 3, 2019.

**WHEREFORE**, plaintiffs **DENNIS RICE AND KAREN RICE** pray that the defendants, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** and **SCRIBER & SCRIBER INSURANCE SERVICES, L.L.C.** be served with a copy of this petition, and that after all legal delays they be required to answer same and after all proceedings

there be a judgment in favor of petitioners for all amounts commensurate with their damages to include all building damages, contents, recoverable depreciation, general and special damages, and arbitrary and capricious penalties and attorney's fees pursuant to LSA R.S. Arts. 22:1973 and 22:1892 all as reasonable under the premise, to be determined by the trier of fact (penalties and attorney's fees against UNITED PROPERTY ONLY); said judgment against defendant **UNITED PROPERTY & CASUALTY INSURANCE COMPANY and SCRIBER & SCRIBER INSURANCE SERVICES, L.L.C.** together with legal interest thereon from the date of judicial demand until paid, for all cost of these proceedings, for all expert fees and for all general and equitable relief.

Respectfully submitted:

**LAHATTE LAW FIRM, L.L.C.**

**Joseph "Joey" F. LaHatte, III No. 31224**
**Jennifer Zajac, Bar No. 28564**
2000 Clearview Parkway, Suite 203
Metairie, Louisiana 70001
Telephone:    (504) 309-2996
Facsimile:     (855) 733-8180
joey@lahattelaw.com
jennifer@lahattelaw.com

**PLEASE SERVE:**

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**SCRIBER & SCRIBER INSURANCE SERVICES, L.L.C.**
Via Its Registered Agent for Service of Process
Michael D. Scriber
412 West Alabama Avenue
Ruston, Louisiana 71270

ENDORSED FILED
SHARON NEWTON, Deputy Clerk
SEP 20 2019
A TRUE COPY - ATTEST
CADDO PARISH DEPUTY CLERK