UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DENNIS RICE, ET AL                        CIVIL ACTION NO. 19-cv-1377

VERSUS                                    JUDGE FOOTE

UNITED PROPERTY & CASUALTY                MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL


## REPORT AND RECOMMENDATION

**Introduction**

Dennis and Karen Rice ("Plaintiffs") suffered damage to their home when a pet turned on a faucet and water overflowed in their home. They filed suit in state court against (1) their homeowner's insurer, United Property & Casualty Insurance Company, and (2) Scriber & Scriber Insurance Services, LLC, the alleged agent from whom they purchased the policy. United Property removed the case based on diversity jurisdiction. It admitted that there is not diversity of citizenship on the face of the pleadings because Plaintiffs and Scriber are Louisiana citizens, but it argued that the citizenship of Scriber should be ignored based on the improper joinder doctrine.

Before the court is Plaintiffs' Motion to Remand (Doc. 14) that challenges the improper joinder plea. Defendants respond that Scriber was improperly joined because (1) it was not the agent who issued the policy and (2) the allegations in the petition do not state a claim against the agent. Uncontested evidence demonstrates that Scriber was not the agent who issued the policy so, for the reasons that follow, it is recommended that the motion to remand be denied.

**Improper Joinder**

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has since adopted the term "improper joinder" to describe the doctrine. Smallwood v. Illinois Central R.R. Co., 385 F.3d 568 n. 1 (5th Cir. 2004) (en banc).

The most common way a defendant shows improper joinder is to demonstrate the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The defendant must show that there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendant. Smallwood, 385 F.3d at 573; Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). The Defendants in this case argue that they have met this standard with respect to Scriber.

**Facts**

**A. Plaintiff's Petition**

Plaintiffs alleged that they owned residential property in Shreveport that was insured by a homeowner's policy issued by United Property. Petition, ¶¶ 1-3. A pet dog owned by Plaintiffs became accidentally locked in a bathroom and caused the bathtub to turn on, which caused water to overflow into the home. The water caused considerable damages,

including to flooring, drywall, cabinetry, baseboards, and walls.  It also caused mold to grow throughout the home.  ¶ 4.

Plaintiffs reported the loss to United Property in February 2019 and cooperated with the insurer in attempts to have their home repaired.  A proof of loss was submitted multiple times, but United Property delayed response for more than 60 days and wrongfully claimed that it was investigating the claim.  The insurer required an examination under oath and asked questions that Plaintiffs believe were irrelevant.  They included questions about why Plaintiffs adopt dogs from Canada, how many children they have, and whether their dog does any tricks.  ¶¶ 5-7.  Plaintiffs allege that United Property is liable for penalties, attorney's fees, and damages pursuant to La. R.S. 22:1973 and 22:1892 because of the arbitrary denial and delay in resolving the claim.  ¶¶ 8-11.  Plaintiffs state in their motion to remand that United Property did make a payment to them in November 2019.

The other defendant in this suit is Scriber & Scriber Insurance Services, LLC.  Plaintiffs alleged that Scriber "was the insurance agent by which petitioners purchased the insurance policy from United Property."  ¶ 12.  Plaintiffs alleged that no one from Scriber advised them that their ownership of dogs and/or dogs from Canada would be the cause of any type of issues with United Property in the event of an accidental water loss caused by a dog.  Scriber is also faulted for not advising Plaintiffs that United Property "could endlessly prolong full payment on this loss by claiming it needed to investigate the loss at issue. . . ."  ¶ 12.  Plaintiffs generally allege that they detrimentally relied upon the actions of Scriber to provide them with a policy that would fully pay for such water losses, that Scriber did not use reasonable diligence in placing appropriate insurance, and Scriber did

not inform Plaintiffs that the insurer would not pay within 30 or 60 days as required by state law "on a bathtub water loss claim involving mischievous dogs." ¶¶ 17-30.

### B. Defendants' Evidence

Defendants oppose the motion with a declaration of Walter Scriber made under penalty of perjury pursuant to 28 U.S.C. § 1746. Mr. Scriber states that he is and was at the time of the incident a member of Scriber & Scriber Insurance Services, LLC.[1] He states that the LLC "is not the agency that procured the insurance policy for the property" in Shreveport as requested by Plaintiffs. In fact, the LLC "is not licensed to procure insurance" and its "sole function is to facilitate in financial transactions." The LLC "is not currently, nor has it ever been in the business of brokering or procuring insurance coverage for homeowners."

Mr. Scriber states that the agency who actually procured the policy for Plaintiffs is M&S Agency Services, LLC D/B/A Scriber Insurance Services. Mr. Scriber, in his capacity as an agent for M&S Agency, first procured a policy for the relevant property in 2011. The policy was renewed through the 2015-16 term. In 2016, Mr. Rice called Mr. Scriber and asked for a new policy for the next term with the same coverage but at a cheaper rate. That led to the issuance of the 2016-17 policy, for which Mr. Scriber attaches a copy of the declarations page. That policy was issued by Family Security Insurance and lists as agent "Scriber Insurance Services - Ruston." Plaintiffs renewed that policy for the 2017-

---

[1] The named defendant is Scriber *&* Scriber. Mr. Scriber identifies it as Scriber *and* Scriber in his declaration. The records of the Secretary of State list it as Scriber & Scriber, so that is how it will be identified in this recommendation.

18 term.  In 2018, Family Security Insurance was purchased by United Property.  Plaintiffs'

policy was issued by United Property for the 2018-19 policy period.

United Property also submitted evidence in response to the motion to remand.  It

includes a notice that was sent to Plaintiffs for the homeowner's policy in effect between

November 2018 and November 2019, which term would include the February 2019 water

incident at issue.  The first paragraph of the letter to Plaintiffs states that "the agent

responsible for servicing your policy is: M&S AGENCY DBA SCRIBER INSURANCE

SERVICES."  The next page, with information about the policy, also clearly states that the

agent is M&S Agency DBA Scriber Insurance Services.  The policy's declarations page

clearly states the same.

Mr. Scriber states that the policy at issue had the "Premier Plus Endorsement,"

which he says is the broadest homeowner's endorsement offered by United Property.  Mr.

Rice reported the claim first to Mr. Scriber, and Scriber promptly contacted United

Property to report the incident.  Mr. Rice called Mr. Scriber several weeks later and said

that he no longer planned to cooperate with United Property's adjuster, but Mr. Scriber

encourage Mr. Rice to cooperate.  Mr. Rice called again and said that he was not going to

work with the adjuster after the adjuster asked Plaintiffs to submit to a sworn deposition.

Mr. Scriber states that he does not work for United Property and did not play any part in

the handling of the claim or its investigation.

**Analysis**

The "no reasonable basis" contest may take place in two different settings: (1) a

Rule 12(b)(6)-type challenge to the pleadings alone or (2) an effort to pierce the pleadings

and demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail.  "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both."  <u>International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd</u>., 818 F.3d 193, 207 (5th Cir. 2016).

A challenge to the pleadings is more common, but there are some cases in which a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder" that allow a district court, in its discretion, to "pierce the pleadings and conduct a summary inquiry."  <u>Smallwood</u>, 385 F.3d at 573.  <u>Smallwood</u> cautioned that "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  <u>Id</u>.  at 573-74.  When such an inquiry is appropriate, the court may consider summary judgment-type evidence, including affidavits.  <u>Guillory v. PPG Industries, Inc.</u>, 434 F.3d 303, 311 (5th Cir. 2005).

Defendants have offered the declaration of Mr. Scriber and relevant insurance documents.  They show the Scriber LLC was not the agent that placed the relevant policy. Plaintiffs have not submitted any competing evidence, but they argue that United Property is wrongfully "attempting to pre-try this case with various affidavits and otherwise" that is not appropriate on a motion to remand.

<u>Smallwood</u> did caution that a summary inquiry is appropriate only in certain circumstances.  "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not

true." Smallwood, 385 F.3d at 574 n. 12. In this case, the undisputed evidence has pierced the pleadings and demonstrated that a discrete fact alleged in the petition—the identity of the agency that issued the policy—is not accurate. That is, the in-state Scriber LLC did not issue the policy at issue (and is not even a licensed agency).

Plaintiffs may have made an honest mistake in naming an incorrect defendant, but there is no dispute in the evidence that the Scriber LLC they chose to sue had nothing to do with the issuance of this policy and could never be held liable in connection with it. It is, therefore, appropriate to pierce the pleadings and find that Scriber & Scriber Insurance Services, LLC was improperly joined so that its Louisiana citizenship may be ignored when assessing diversity jurisdiction.

Support is found in Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 250 (5th Cir. 2011) (improper joinder established when undisputed evidence showed loans at issue were serviced by Countrywide Home Loans Servicing LP, not the named defendant Countrywide Home Loans of Texas). Another example is Toney v. State Farm Lloyds, 661 Fed. Appx. 287, 290 (5th Cir. 2016) (insurance adjuster was found to be improperly joined when defendants submitted uncontradicted evidence that he was not involved in adjusting the claim at issue).

The appropriate action when a defendant has been improperly joined is to dismiss all claims against that defendant without prejudice. Int'l Energy Ventures Mgmt., 818 F.3d at 210. The claims against Scriber should, therefore, be dismissed without prejudice. And the motion to remand should be denied, given that there is diversity between the properly joined parties.

Accordingly,

It is recommended that Plaintiffs' Motion to Remand (Doc. 14) be denied and that all claims against Scriber & Scriber Insurance Services, LLC be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge